UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD ANTHONY ORTEGA,

    Plaintiff,

  v.

LYNN,

    Defendant.

No. 2:19-cv-2028 DB P

ORDER

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF Nos. 1, 2, 5, 6). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

    Before this court is plaintiff's unsolicited first amended complaint[1] and two motions to proceed in forma pauperis.[2] (See ECF Nos. 2, 5, 6). For the reasons stated below, plaintiff's first motion to proceed in forma pauperis shall be granted and plaintiff's second in forma pauperis motion shall be denied as duplicative. Plaintiff will also be given an opportunity to provide the

---

[1] Prior to the court reviewing plaintiff's original complaint (see ECF No. 1), plaintiff filed a first amended complaint (see ECF No. 5). Because an amended complaint supersedes an earlier-filed complaint (see Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012)), the court must review and screen the first amended complaint.

[2] Three weeks after filing his first in forma pauperis application, plaintiff also submitted a second, unsolicited in forma pauperis application to the court. (See ECF No. 6).

1

actual names and any other identifying information to the court of the defendants against whom it has determined plaintiff has raised cognizable claims.

## I. IN FORMA PAUPERIS APPLICATION

On October 9, 2019, plaintiff submitted a declaration that made the showing required by 28 U.S.C. § 1915(a). (See ECF No. 2). Accordingly, this request to proceed in forma pauperis will be granted. Plaintiff's second in forma pauperis application filed on October 30, 2019 (see ECF No. 6), will be denied as duplicative.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

1   Cir. 1989); Franklin, 745 F.2d at 1227.

2   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## III.   PLEADING STANDARD

### A.   Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and,

while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## IV. PLAINTIFF'S FIRST AMENDED COMPLAINT

### A. General Facts

Plaintiff, an inmate at Sacramento County Jail at the time of the alleged incidents in question,[3] raises claims against named defendant "Nurse Lynn Doe"[4] and against unidentified defendants "Dr. Doe #1" and "Does 1-10 et al."[5] all of the Sacramento County Main Jail. (See ECF No. 5 at 1-2). He contends that defendant Nurse Lynn Doe violated his Eighth Amendment rights to be free from deliberate indifference and cruel and unusual punishment when she: (1)

---

[3] Plaintiff is currently housed at California Medical Facility. (See ECF No. 5 at 1).
[4] Plaintiff's use of the surname "Doe" with defendant Nurse Lynn's name within the complaint leads the court to believe that plaintiff does not know the full name of this defendant. (See generally ECF No. 5 at 1-2); (see also ECF No. 5 at 17) (identifying defendant Nurse Lynn as "Nurse 'Lynn' Doe"). Plaintiff will need to determine the names of this defendant and others, as this information will be needed to effectuate proper service of the FAC on actionable defendants.
[5] Although plaintiff names "Does 1-10" as defendants, in the FAC, he raises no claims against any individuals other than Nurse Lynn Doe and Dr. Doe No. 1. (See generally ECF No. 5).

4

failed to physically examine him when he complained of severe and excruciating lower back pain, and (2) prescribed him a muscle relaxant for thirty days to treat his back pain instead of prescribing him pain medication. (See id. at 3-4). In addition, plaintiff contends that defendant Dr. Doe No. 1 also demonstrated deliberate indifference to his serious medical needs and engaged in cruel and unusual punishment when he: (1) told plaintiff that there was nothing he could do to help him, and (2) refused to treat plaintiff until he received plaintiff's file from San Quentin State Prison. (See id. at 3-4).

Finally, plaintiff contends that defendants Nurse Lynn Doe and Dr. Doe No. 1 violated his right to equal protection under the law in violation of the Fourteenth Amendment when they denied him pain medication and treatment due to his human trafficking conviction. (See ECF No. 5 at 5). Specifically, plaintiff contends that they knew about his trafficking conviction because the sheriff's deputy had notified medical staff of it and that this is why they refused to prescribe plaintiff pain medication. (See id. at 5). Implicit in this claim is that defendants treated him differently than other similarly situated inmates solely because of the type of conviction he had.

### B. Harm Caused

As a result of these defendants' inaction, plaintiff claims that between April 21, 2019, and August 29, 2019, he received neither medical treatment nor medication, nor was he seen by a specialist. (See ECF No. 5 at 3). This, he contends led to him experiencing "severe back pain causing crippling mobility [and] obstructing [sic] daily tasks . . . sleeping, showering [and] any and all outside recreation. Causing [sic] mental anguish . . . major depression [anxiety] and trauma." (See id. at 3) (brackets added).

### C. Remedy Sought

Plaintiff seeks an injunction against the Sacramento County Sheriff's Office "for prevention of constitutional cruelty."[6] (See ECF No. 5 at 6). He also requests compensatory and punitive damages against each defendant jointly and severally as well as general and exemplary

---

[6] Although plaintiff has requested an injunction against the Sacramento County Sheriff's Office, he has not named the department as a defendant, nor does he lodge any specific, fact-supported claims against it. (See generally ECF No. 5).

5

damages. (See id. at 6). He seeks monetary compensation in an amount that is "appropriate to punish defendants and deter others from engaging in similar conduct," as well as the costs of suit and reasonable attorneys' fees. (See id. at 6).

V.     **DISCUSSION**

    A.     **Deliberate Indifference and Cruel and Unusual Punishment Claims**

        1.     **Applicable Law**

            a.     **Deliberate Indifference**

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). This second prong . . . "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

            b.     **Cruel and Unusual Punishment**

"The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.'" Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). "Negligen[ce] in diagnosing or treating a medical condition" is insufficient to create a claim of cruel and unusual punishment. Whitley, 475 U.S. at 319. "It is obduracy and wantonness . . . that characterize the conduct prohibited by the Cruel and Unusual

Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Whitley, 475 U.S. at 319. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Id. It is generally well-settled that deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Whitley, 475 U.S. at 319 (citing Estelle); Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing Estelle).

### 2. Analysis

Plaintiff has stated cognizable deliberate indifference and cruel and unusual punishment claims against defendant Nurse Lynn Doe and defendant Dr. Doe No. 1. He asserts that for four months in 2019, both defendants deliberately chose not to provide him with pain medication for his back and not to provide him with a much-needed medical device and/or mattress because they knew he had been convicted of human trafficking. (See ECF No. 5 at 3-5). The denial of pain medication to treat a bulging disc in plaintiff's lower back (see id. at 3) over an extended period could be objectively considered a denial of the minimal civilized measure of life's necessities. See generally Farmer, 511 U.S. at 834. Because defendants' alleged failure to provide plaintiff with pain medication left him in constant pain for four months, prevented him from completing daily tasks and activities, and left him suffering from sleeplessness and anxiety (see generally id. at 3-5), sufficient facts have also been alleged that support plaintiff's allegation that he has been harmed. See generally Jett, 439 F.3d at 1096.

For these reasons, plaintiff's deliberate indifference and cruel and unusual punishment claims against defendants Nurse Lynn Doe and Dr. Doe No. 1 are cognizable. However, the court is unable to direct service upon these individuals because plaintiff has not provided enough identifying information about either defendant to effectuate it. Therefore, plaintiff will be given a reasonable period to provide sufficient identifying information to the court for them. In the interim, the Clerk of Court will be directed to add Dr. Doe No. 1 as a defendant to the case

caption of the docket to serve as a placeholder until such time as plaintiff provides sufficient identifying information for him.

### B. Equal Protection Claims

#### 1. Applicable Law

The Equal Protection Clause requires that persons who are similarly situated be treated alike. See City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dep't of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based upon his membership in a protected class (Hartmann, 707 F.3d at 1123), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose (Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-602 (2008)). An equal protection claim may also exist when a policy that is neutral on its face has a disproportionate or disparate impact on an identifiable group. Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-66 (1977).

#### 2. Analysis

Plaintiff's equal protection arguments raised against defendant Nurse Lynn Doe and defendant Dr. Doe No. 1 fail to state claims upon which relief may be granted. This is because plaintiff is alleging that defendants discriminated against him – specifically, that they withheld treatment from him – based on his human trafficking conviction. (See ECF No. 5 at 5). Individuals convicted of human trafficking are not a protected class. Moreover, plaintiff provides no facts which support any general assertion that he was treated differently than other similarly situated individuals, nor does he allege facts that might support an equal protection claim based upon disparate impact.

For these reasons, the equal protection claims against the defendants are not cognizable. Furthermore, there does not appear to be any way that plaintiff can make these claims actionable. Therefore, he will not be given the opportunity to amend them. See Hartmann, 707 F.3d at 1130 ("A district court may deny leave to amend when amendment would be futile.").

////

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall add "Dr. Doe No. 1" as a defendant to the case caption of the docket;

2. Plaintiff's motion to proceed in forma pauperis filed October 9, 2019 (ECF No. 2), is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

4. Plaintiff's motion to proceed in forma pauperis filed October 30, 2019 (ECF No. 6) is DENIED as duplicative, and

5. Within thirty days of the date of this order, plaintiff shall provide the full names of the defendants herein referred to as "defendant Nurse Lynn Doe" and "defendant Dr. Doe No. 1" and any other identifying information. Failure to comply with this order within the time allotted may result in a recommendation that this action be dismissed.

Dated: November 23, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/orte2028.scrn.fac

9